HOWARD DRAPER, JR. V. STATE

No. 31,370. March 2, 1960

*James L. Mitchell*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *James K. Allen*, *William F. Alexander*, *John J. Mead*, *Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is rape by force; the punishment, death.

The prosecutrix, a white girl seventeen years of age and unmarried, testified that on the day in question she returned to her home from school around 3:30 P.M. at which time no other members of the family were present; that after she had gone in the house and was dialing a number on the telephone a colored man, whom she positively identified as the appellant, appeared in the door-way and told her to hang up the phone; that she ordered him out of the house and as he started toward her she began to scream; that he then put his hand on her nose and mouth whereupon she proceeded to fight, kick and scratch him; that appellant pushed her to the floor and then hit her in the head with a chair and with his fist hit her in the left eye five times; that she lost consciousness for a few minutes after which appellant proceeded to remove her underclothes and get on top of her. The prosecutrix then proceeded to relate how the appellant, without her consent, had three acts of sexual intercourse with her and committed two acts of oral sodomy upon her. She stated that while she was being subjected to such acts her little 11 year old brother came in the house and left when appellant threatened to kill him; that appellant then proceeded to subject her to the third act of sexual intercourse and second act of sodomy after which a man by the name of Weldon Scarbrough came in the house, armed with a shovel,

YALE LAW LIBRARY

and held the appellant until the officers arrived and took him into custody. The prosecutrix testified that she had never before had sexual intercourse and that appellant's acts of intercourse and sodomy were committed upon her by force and without her consent.

The prosecutrix' testimony was corroborated by that of her 11-year-old brother and Weldon Scarbrough who were called as witnesses by the state.

The state's testimony further shows that the prosecutrix was carried to Parkland Hospital in the city of Dallas where she was examined by Dr. J. W, Bass, City Health Officer. Dr. Bass testified that in his examination he found numerous bruises and abrasions on the prosecutrix' body including a bruise over the left eye which was completely closed and a laceration of the right side of the lip. The doctor stated that his examination disclosed bruises and extreme irritation of recent origin inside the sexual organ of the prosecutrix which was consistent with irritation from a male sexual organ and expressed his opinion that her sexual organ had definitely been penetrated.

Appellant did not testify but called three witnesses who lived or had lived as neighbors on the street with the prosecutrix. One lady who lived across the street from the prosecutrix testified that on the evening in question she was at her home and that she did not hear any crying or screaming coming from the prosecutrix' home prior to the time the officers arrived. Another lady, who also lived across the street, testified that on the evening in question she went to the prosecutrix' home and while peeping through a window she saw the appellant on top of the prosecutrix engaging in an act of intercourse with her. She further stated that at that time the prosecutrix was not struggling and that she observed no bruises on her. The third witness, testified that she had seen the prosecutrix drinking beer in a cafe which was operated for colored people.

Appellant predicates his appeal upon three contentions.

It is first contended that the evidence is insufficient to support the conviction. With this contention we do not agree. In this case, as in all criminal cases, the jury were the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony. The testimony presented to the jury is clearly sufficient to support its verdict finding appellant guilty and to warrant the punishment assessed by them.

Appellant next contends that the court erred in refusing to declare a mistrial because of the action of the district attorney in producing in court and offering in evidence as an exhibit, a purported picture of the bed room where the offense was committed. Appellant's objection to the exhibit was by the court sustained and the picture is not shown in the record. We perceive no error in the court's refusal to declare a mistrial.

Appellant's remaining contention is that the court erred in refusing to permit him to show by the custodian of the medical records of Parkland Hospital that the medical record of the prosecutrix did not contain a report made by Doctor Bass and that it was customary that the doctor's reports be included in the hospital records. Dr. Bass was not asked whether he made a report upon his examination of the prosecutrix. The prosecutrix' hospital records were admitted in evidence and available for the jury's inspection. Under the record we perceive no error in this ruling by the court.

Finding no reversible error, the judgment is affirmed.

Opinion Approved by the Court.